UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| SHIRLEY MORGAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 25-128-DCR |
| ) | |
| V. ) | |
| ) | |
| FRANK BISIGNANO,[1] ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Shirley Morgan appeals the Social Security Administration's denial of her claim for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI") benefits. [Record No. 7]  She contends that the Administrative Law Judge ("ALJ"), assigned to her case erred in assessing her residual functional capacity ("RFC"). *Id.*  But after reviewing the record and considering the parties' arguments, the Court concludes that the ALJ's decision is supported by substantial evidence.  Therefore, the Commissioner's motion for judgment [Record No. 9] will be granted while Morgan's motion [Record No. 7] will be denied.

**I. Background**

Morgan was a person of advanced age (59 years old) in February 2022 when she applied for DIB under Title II of the Social Security Act ("Act") and SSI benefits under Title XVI of

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit.

1

the Act. *See* 20 C.F.R. § 404.1563(e); [Record No. 6, Transcript ("Tr.") at 17, 57]. She has a GED and worked as a Community Action bus driver and Goodwill team lead prior to her alleged disability beginning March 2021. [Tr. at 17, 250–51] Her applications were denied at the state-level agency and following an administrative hearing before an ALJ. *Id.* at 56–69, 70–83.

After the administrative hearing, the ALJ found that Morgan had two severe impairments: osteoarthritis and peripheral neuropathy. *Id.* at 20–23. However, the ALJ concluded that her severe and non-severe impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ determined that Morgan had the RFC to perform a reduced range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with additional exertional, postural, manipulative, and environmental limitations. *Id.* at 23. Ultimately, the ALJ concluded that she could perform her past relevant work as a retail salesclerk but at a light exertional level as generally performed in the national economy. *See id.* at 26–27. Accordingly, the ALJ found her not disabled. *Id.* at 27. The Appeals Council denied Morgan's request for review of the ALJ's decision and the matter is ripe for judicial review pursuant to 42 U.S.C. § 405(g).[2] *Id.* at 1–6.

## II.  Legal Standard

A "disability" under the Social Security Act ("Act") is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d

---

[2] Morgan did not tender a reply within the allotted time.

532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's disability determination is made by an ALJ in accordance with "a five-step sequential evaluation process." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). But if the "claimant is found to be conclusively disabled or not disabled at any step, the inquiry ends at that step." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009).

> First, the claimant must demonstrate that [she] has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that [she] suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that [her] impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, [she] is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform [her] past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as [her] age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 399 (6th Cir. 2018) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

A district court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching his or her decision. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). A reviewing court is not empowered to conduct a *de novo* review, resolve conflicts in evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). If the court finds substantial evidence to support the Commissioner's judgment, it must affirm that decision even if it would have decided the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714.

And substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

### III. Analysis

**(1) The ALJ found that Morgan could perform light work despite the Medical Vocational Guidelines, her age, education, work history, and medical opinions that limit her to sedentary work.**

Morgan argues that the ALJ's classifying her RFC as "light work" was error. [Record No. 7-1 at 8] She first claims that under the "Medical Vocational Guidelines 'grid rules' direct a finding of disability" based on medical opinions[3] along with her relevant history and attributes. *Id.* But as the Commissioner points out, the Medical Vocational Guidelines are considered at step five and because the ALJ determined that Morgan could perform past relevant work at step four, there was no basis to proceed to step five. [Record No. 9 at 3–4 (citing *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010))]

Morgan's disagreement with the ALJ's assessment of her relevant history and attributes when determining her RFC does not amount to reversible error. Even where there is substantial evidence to support a different outcome, if there is substantial evidence to support the ALJ's decision, the Court may not reverse.

Here the ALJ concluded that Morgan had the RFC to perform light work with additional exertional, postural, manipulative, and environmental limitations. [Tr. at 23] As the Commissioner notes, if the "evidence shows that the claimant retains the RFC to perform the

---

[3] Morgan's arguments concerning the ALJ's treatment of the medical opinions will be discussed in greater depth below.

4

functional demands and job duties of a particular past relevant job either as she actually performed it or as generally performed in the national economy, the claimant is not disabled." [Record No. 9 at 4 (citing 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2))] While Morgan's past work as a Goodwill team lead salesclerk required her to lift couches and other donated items in excess of 30–40 pounds, the ALJ determined that the exertional level for retail salesclerks as generally performed in the national economy was at the light exertional level. [*See* Tr. at 26–27, 44–45.] And after assessing her age, work history, the medical and vocational expert opinions, and testimony, the ALJ found that Morgan could perform her past relevant retail salesclerk work as generally performed in the national economy at the light exertional level. *Id.* at 26–27.

**(2) The ALJ misclassified several severe impairments as non-severe impairments.**

Where other impairments are found to be severe, the fact that certain impairments are not deemed severe at step two has no legal relevance. *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020) (citing *Anthony v. Astrue*, 266 Fed. App'x 451, 457 (6th Cir. 2008)). This is true because the severity determination is designed to weed out claims lacking merit which involve no severe impairments. *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987). If the ALJ "properly considers nonsevere impairments at later steps," there is no error. *Emard*, 953 F.3d at 852 (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Thus, it does not matter that the ALJ only identified two conditions (osteoarthritis and peripheral neuropathy) as severe impairments at step two.

An ALJ properly considers non-severe impairments when he "(1) explicitly references SSR 96-8p; (2) discusses the functional limitations—or lack of functional limitations—imposed by the plaintiff's non-severe impairments; and (3) asserts that he considered the entire

5

record and all the plaintiff's symptoms." [Record No. 9 at 6 (citing *Emard*, 953 F.3d at 851–52)] Here, the ALJ satisfied all those requirements. Here there was no error because he assessed and addressed Morgan's remaining non-severe impairments during steps two and four. The ALJ further incorporated Morgan's non-severe impairments in the limitations to her RFC. [Tr. at 20–26]

The ALJ's assessment of Morgan's non-severe impairments properly relied on medical evidence and testimony. *Id.* The ALJ further explained that these impairments did not result in significant physical or mental limitations and that they had no more than a minimal effect on her ability to engage in basic work activities. *Id.* at 20–26. While Morgan may disagree with the ALJ's weighing of the evidence, his decision is amply and properly supported by substantial evidence.

**(3) The ALJ discredited the opinions of Morgan's treating physician and the consultative examiner when assessing her RFC.**

Medical opinions' supportability and consistency "are the most important factors [ALJs] consider when [they] determine how persuasive [they] find a medical source's medical opinions." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability determination is defined in this way: "[t]he more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that medical opinion." 20 C.F.R. §§ 404.1527(c)(3); 416.927(c)(3). And "[t]he better an explanation a source provides for a medical opinion, the more weight [the ALJ] will give that medical opinion." 20 C.F.R. §§ 404.1527(c)(3); 416.927(c)(3). Stated differently, the supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical

6

opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

And the more "consistent" a medical opinion is with the evidence from other medical and nonmedical sources in the record, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). To be sure, the consistency factor "requires the ALJ to compare the medical opinion at issue to other medical and nonmedical sources." *Elizabeth A. v. Comm'r of Soc. Sec.*, No. 2:22-cv-2313, 2023 WL 5924414, at *4 (S.D. Ohio Sept. 12, 2023) (citation modified).

Morgan takes issue with the ALJ's assessment of her primary care provider, Mohammad Shahzad, M.D., and the consultative examiner's opinions. [Record No. 7-1 at 13] She insists that, in finding Dr. Shahzad's opinion unpersuasive, the ALJ ignored treatment notes and records for specialist providers and the consistency of Dr. Shahzad's opinion with those records. *Id.* at 12–13. The Commissioner asserts there was no error because "the ALJ reasonably explained that Dr. Shahzad's opinion was not persuasive because it was 'unsupported by adequate rationale and otherwise inconsistent with the corresponding medical evidence of record.'" [Record No. 9 at 10 (quoting Tr. at 26 and citing 20 C.F.R. §§ 404.1520c(b)(2), 419.920c(b)(2))]

Concerning "supportability," the ALJ explained "Dr. Shahzad provided little in the way of rationale in support of the assessed limitations, and his statement actually notes "no physical findings" in support of his diagnoses and opinion." [Tr. at 26] As for "consistency," in addition to outlining Dr. Shahzad's stated limitations (and the limitations in the other medical opinions), the ALJ found Dr. Shahzad's opinion and assessed limitations to be "inconsistent with the corresponding medical evidence of record" and "with the medical evidence of record

7

as a whole." *Id.* at 23–26. Indeed, the ALJ's decision scrupulously analyzed the various medical evidence and opinions and other testimony in reaching these conclusions. *See id.*

The ALJ found the opinion of the consultative examiner to be mostly persuasive. Morgan argues that the ALJ supported his decision by excluding only the parts of the consultative examiner and Dr. Shahzad's opinions that supported her claims of disability. [Record No. 7 at 13 (citing Tr. at 22)] She mistakenly claims this is reversible error.

The ALJ is tasked with assessing the persuasiveness of medical opinion evidence. And as the Commissioner correctly points out, "the ALJ properly analyzed the persuasiveness of the medical opinion evidence, and he included those limitations in the RFC assessment that he concluded were supported by substantial evidence in the record." [Record No. 9 at 12] And "[t]his was proper. Determining functional limitations from the record is precisely an ALJ's function, and the determination need not be based on a supporting medical opinion." *Id.* at 12–13 (citing *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The . . . Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.")).

## IV.  Conclusion

As noted, a reviewing court does not try the case *de novo* and even if the court would resolve the dispute differently, "the Commissioner's decision must stand if supported by substantial evidence." *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). In this case, the ALJ's opinion is supported by ample evidence and consideration of all material facts. The Court cannot re-weigh the evidence in a manner such as to come to a different conclusion—even one which the evidence could have supported. Therefore, based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff Shirley Morgan's motion for judgment [Record No. 7] is **DENIED**.

2. Defendant Commissioner of Social Security's motion for judgment [Record No. 9] is **GRANTED**.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: October 31, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky